CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 28 2005
JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MARY SUSAN REITERMAN,  </br>  </br>Plaintiff,  </br>  </br>v.  </br>  </br>COSTCO WHOLESALE MANAGEMENT # 238, TED BECHTEL, COSTCO WHOLESALE CORPORATION,  </br>  </br>Defendants. | Civil Action No. 5:05CV00012  </br>  </br>**MEMORANDUM OPINION**  </br>  </br>By: Samuel G. Wilson  </br>United States District Judge |

Plaintiff Mary Reiterman, proceeding pro se, filed this action against her employer, Costco Wholesale Corporation ("Costco"), alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the Occupational Safety and Health Act, 29 U.S.C. §§ 651 et seq. ("OSHA"), the Virginia Human Rights Act, Va. Code Ann. §§ 2.2-3900 et seq. ("VHRA"), and the Virginia whistleblower statute, Va. Code Ann. § 40.1-51.2:1. Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). The court conducted a hearing and, after explaining in detail the elements required in order for her to state a claim, afforded Reiterman the opportunity to amend her complaint. Reiterman filed an expansive amended complaint with numerous attachments, including copies of her EEOC questionnaire, EEOC charge of discrimination, and correspondence with the defendants. The defendants have now filed a motion to dismiss the amended complaint for failure to state a claim. Construing her allegations as broadly as possible, the court finds that

Reiterman's complaint states claims of retaliation and age discrimination. The court dismisses her other claims.

I.

Costco hired Reiterman in October 1984 to work in the Membership Marketing Department of its Harrisonburg, Virginia store. In December 2003, Reiterman submitted an application for the position of Membership Marketing Manager. Ted Bechtel, manager of the Harrisonburg Costco, informed Reiterman in March 2004 that he had decided to fill the position with another applicant. Reiterman met with Bechtel and expressed her disagreement with Bechtel's hiring decision, telling him that she believed she was more qualified than the chosen applicant and that his decision was discriminatory. Following the meeting, Bechtel informed Reiterman by letter that, because of her disagreement with his decision and her stated unwillingness to work with the chosen applicant, he was transferring her to the position of "front end" supervisor. The reassignment did not affect her hourly wage.

Reiterman, 52, soon found that she was ill-suited for the fast-paced work environment of the "front end," staffed mainly by younger employees. In addition, because Reiterman is only 4 feet 8 inches tall, she had difficulty reaching the cash register and the credit card machine. She developed pain in her right shoulder caused by the continual reaching, which her physician diagnosed as tendinitis. Reiterman's physician recommended that she work a maximum of thirty minutes per day on the cash register.[1] In May 2004, Reiterman filled out an EEOC discrimination questionnaire claiming that Costco had discriminated against her because of her

---

[1] There is no indication that Costco refused to comply with these recommendations.

sex, age, disability, and religion, and alleging unlawful retaliation.[2]

On June 3, 2004, Reiterman was involved in a disagreement with a co-worker which caused some disruption on the "front end." Costco suspended her for three days while it investigated the incident. On June 8, 2004, Costco informed Reiterman by letter that it had decided to terminate her employment because of her violation of company policy prohibiting workplace misconduct.

The EEOC sent Costco notice of Reiterman's charge of discrimination on June 28, 2004, in which she alleged discrimination on the basis of age and disability and claimed that Costco terminated Reiterman's employment in retaliation for her protected activity. Upon receipt of her November 30, 2004 right to sue letter, Reiterman filed this action.

## II.

The court has thoroughly reviewed Reiterman's complaint, amended complaint, and all attachments to the amended complaint. Liberally construing the allegations of the complaint, as it must, the court finds that Reiterman's complaint states claims of retaliation and age discrimination. However, she has failed to state a claim under the ADA, FLSA, OSHA, the VHRA, or Va. Code Ann. § 40.1-51.2:1.

The court may dismiss a complaint for failure to state a claim only "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." De'lonta v. Angelone, 330

---

[2]In her questionnaire, Reiterman's claim of retaliation was based on her transfer to the "front end."

3

F.3d 630, 633 (4th Cir. 2003) (internal quotation marks and citation omitted). The Fourth Circuit has recently emphasized that the plaintiff in an employment discrimination case is not required to plead a prima facie case of discrimination under the evidentiary standard of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), in order to survive a Rule 12(b)(6) motion to dismiss. See Chao v. Rivendell Woods, Inc., 2005 U.S. App. LEXIS 14556 (July 19, 2005). Rather, under the "simplified notice pleading standard" of Rule 8(a), a complaint is sufficient to state a claim if it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "Under this relaxed standard, unmeritorious claims...are eliminated not by motions to dismiss, but rather primarily through 'liberal discovery rules and summary judgment motions.'" Chao, 2005 U.S. App. LEXIS at *11 (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002)).

In her complaint, Reiterman claims that Costco terminated her employment in retaliation for the protected activity of filing an EEOC complaint. She notes that Costco fired her several weeks after she filed a discrimination questionnaire with the EEOC. The court finds that this allegation is minimally sufficient to state a claim of retaliation.

Reiterman also claims that Costco transferred her to a position on the "front end" staffed mainly by younger employees, and that this transfer was part of a scheme by Costco to force out older, higher paid employees. If proven, a deliberate attempt to force out older employees as a cost-saving measure could constitute a violation of the ADEA. See 29 C.F.R. § 1625.7(f). Accordingly, the court finds that Reiterman has stated claims for relief under Title VII and the ADEA.

However, the court finds that Reiterman has failed to state a claim under the ADA

4

because, even taking the allegations of the complaint as true, she is not entitled to protection under the statute. An individual is "disabled" under the ADA only if she "has a physical or mental impairment that substantially limits one or more. . . major life activities." 42 U.S.C. § 12102(2)(A).[3] "The definition of the term 'impairment' does not include physical characteristics such as. . .height. . .that are within the normal range and are not the result of a physiological disorder." See 29 C.F.R. § 1630 App.1630.2(h). Furthermore, under the ADA, "the inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i). To qualify for protection, Reiterman must allege that her impairment rendered her "significantly restricted" in her ability to perform "either a class of jobs or a broad range of jobs in various classes." 29 C.F.R. § 1630.2(j)(3)(i).

Here, Reiterman claims that she is disabled because her short stature made it difficult for her to reach the cash register and because she developed tendinitis as a result of continual reaching. Reiterman's short stature is not a "physical or mental impairment" within the meaning of the ADA. Thus, her height is not a "disability" under the ADA. Nor is Reiterman's tendinitis a "disability" within the meaning of the ADA because it does not "substantially limit" her ability to engage in the major life activity of working. Reiterman claims only that, as a result of her tendinitis, she was unable to work the cash registers for more than thirty minutes a day and was restricted from lifting more than ten pounds. However, she does not claim that it disqualified her from a broad range of jobs. See Howard v Navistar Int'l Transp. Corp., 904 F. Supp. 922, 930 (E.D. Wis. 1995) (finding plaintiff's tendinitis did not constitute a disability under the ADA

---

[3] "These terms need to be interpreted strictly to create a demanding standard for qualifying as disabled." Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 197 (2002).

where he had not alleged facts showing that he was unable to perform a class of jobs or broad range of jobs in various classes); see also, Murray v. Dillard Paper Co., 1999 U.S. Dist. LEXIS 22631, *30 (E.D. Va. 1999) (finding plaintiff failed to establish he was disabled under the ADA where he briefly suffered from tendinitis in his hands and arms). Reiterman's allegations do not entitle her to protection under the ADA and the court accordingly dismisses this claim.

The court finds that Reiterman has similarly failed to state a claim under the FLSA, OSHA, the VHRA, or Va. Code § 40.1-51.2:1. Reiterman is not entitled to whistleblower protection under the FLSA because she has not alleged that she opposed any unlawful employment practices by Costco. Similarly, Reiterman's claim under OSHA fails because OSHA is a purely regulatory provision that creates no private right of action. See Clark v. Velsicol Chemical Corp., 944 F.2d 196, (4h Cir. 1991).

Reiterman's VHRA claim fails because the VHRA limits private rights of action to employees seeking redress against employers of "more than five but less than fifteen" employees, Va. Code Ann. § 2.2-2639 (2005), and Costco employs more than fifteen employees. Finally, Reiterman's claim under Va. Code § 40.1-51.2:1 fails because that statute requires a claimant to file a complaint with the Commissioner of Labor and Industry within sixty days of the alleged discrimination as a prerequisite to filing a complaint with the court, and there is no indication that Reiterman ever exhausted her administrative remedies. The court therefore dismisses these claims.

## VI.

For the reasons stated, the court finds that Reiterman's complaint states a claim for relief under Title VII and the ADEA. She has failed to state a claim under the ADA, FLSA, OSHA,

VHRA, or Va. Code Ann. § 40.1-51.2:1. Accordingly, the court grants in part and denies in part the defendants' motion to dismiss.

ENTER: This 28th day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE