CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 0 7 2006

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MARY SUSAN REITERMAN, ) | |
| ) | Civil Action No. 5:05CV00012 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COSTCO WHOLESALE, ET. AL., ) | |
| ) | |
| Defendant. ) | By: Samuel G. Wilson |
| ) | United States District Judge |
| ) | |
| ) | |

Plaintiff Mary Reiterman filed this action against her employer, Costco Wholesale Corporation ("Costco"), alleging that Costco terminated her employment in retaliation for a Title VII protected activity.[1] 42 U.S.C. §§ 2000e et seq. The matter is before the court on Costco's motion for summary judgment. Costco contends that Reiterman cannot establish a prima facie case of retaliation and that, even if she could, Costco has articulated legitimate, non-retaliatory reasons for Reiterman's termination which she cannot rebut. The court agrees and grants Costco's motion for summary judgment.

I.

Costco hired Reiterman in October 1984 to work in the Membership Marketing

---

[1] In her complaint, Reiterman alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the Occupational Safety and Health Act, 29 U.S.C. §§ 651 et seq., the Virginia Human Rights Act, Va. Code Ann. §§ 2.2-3900 et seq., and the Virginia whistleblower statute, Va. Code Ann. § 40.1-51.2:1. By order dated July 28, 2005, the court dismissed all of Reiterman's claims except her age discrimination and retaliation claims. Reiterman has since abandoned her age discrimination claim, and thus, her only remaining claim is her claim of retaliation.

Department of its Harrisonburg, Virginia, store. In December 2003, Reiterman applied for the position of Membership Marketing Manager. Upon hearing that Ted Bechtel, the store manager, was considering another employee, Carolyn Hopper, for the position, Reiterman spoke with Bechtel. Bechtel told Reiterman that he was interviewing Hopper for the position, and Reiterman responded that she was going to contact the EEOC. Reiterman contacted the EEOC in December 2003 and complained that her managers treated her disrespectfully.

In March 2004, Bechtel told Reiterman that he had selected Hopper for the Membership Marketing Manager position. Reiterman responded that she believed she was more qualified than Hopper and that his decision was discriminatory. When Bechtel asked Reiterman to support Hopper and to answer any questions that Hopper might have, Reiterman refused, indicating that there were manuals in the office that Hopper could read. Bechtel informed Reiterman that, because of her disagreement with his decision and her stated unwillingness to work with Hopper, he was transferring her to the position of "front end" supervisor.[2] In May 2004, Reiterman filled out an EEOC discrimination questionnaire claiming that Costco had discriminated against her because of her sex, age, disability, and religion, and had retaliated against her.

On June 3, 2004, Reiterman had an allegedly disruptive argument with one of her managers. Bechtel had employees who witnessed the incident give their written accounts. According to those accounts, Reiterman told a co-worker to take her break, and when the manager overrode Reiterman's decision, Reiterman loudly accused the manager of breaking the

---

[2]Because Reiterman is only 4 feet 8 inches tall, she had difficulty reaching the cash register and the credit card machine and claims she consequently developed pain in her right shoulder. She claims her physician recommended that she work a maximum of thirty minutes per day on the cash register, and there is no indication that Costco failed to accommodate her.

2

"labor laws" and insisted that the co-worker take her break.  Bruce Waterman, the assistant manager on duty that day, recounted that Reiterman made a "series of inappropriate comments amidst both members and employees," and that when he removed her from the "front end," she loudly complained about the "front end" managers and supervisors.  Reiterman admittedly refused to submit a written account or even to discuss the incident with Bechtel.  Bechtel forwarded the other employees' written accounts to his supervisor, Rob Leuck, the Vice President of Operations for the Northeast Region.  After reviewing those accounts, Leuck directed Bechtel to terminate Reiterman.  On June 8, 2004, Bechtel wrote Reiterman that Costco had decided to terminate her employment because of her violation of company policy prohibiting "workplace misconduct."

The EEOC sent Costco notice of Reiterman's charge of discrimination on June 28, 2004 alleging that Costco discriminated against her based on her age and disability and that Costco retaliated against her for engaging in protected activity.  Reiterman received a right to sue letter and filed this action.  Discovery is complete, and the matter is before the court on Costco's summary judgment motion.[3]  In a supporting affidavit, Leuck states that he reviewed the employees' written accounts of the June 3, 2004, incident Bechtel submitted to him, that he concluded that " Riterman had engaged in serious misconduct, including insubordination, disruptive behavior, derogatory attacks against employees, and conduct unbecoming a Costco employee" and that he directed Bechtel to terminate Reiterman's employment.  Leuck also states

---

[3] Reiterman, proceeding pro se, filed this action on May 15, 2005.  The court liberally construed her complaint and permitted her to amend it.  When Reiterman retained counsel, the court granted her request for a continuance.  Both parties have had sufficient time to complete discovery and have deposed Reiterman and Bechtel, among others.

3

that he was unaware of Reiterman's contact with the EEOC before he directed Bechtel to terminate her employment. In an opposing affidavit, Reiterman concedes that she and a co-worker had a disagreement on June 3, 2004; however, she disputes Costco's version of the June 3, 2003 incident. She claims that no disruption occurred and that, though she did become upset, she did not yell or raise her voice in front of the customers and only expressed her feelings in the privacy of the manager's office.

## II.

To establish a prima facie case of retaliation, Reiterman must show that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. King v. Rumsfeld, 328 F.3d 145, 150-51 (4th Cir. 2003) (setting forth the McDonnell Douglas proof scheme).[4] If she has established a prima facie case, then the burden shifts to Costco to present evidence of a legitimate, non-retaliatory reason for the action. Id. at 151. If Costco articulates a legitimate, non-retaliatory reason, then Reiterman must offer evidence from which a jury could find that Costco's proffered reason is pretextual. Id. Reiterman can prove pretext by showing that the "explanation is 'unworthy of credence' or by offering other forms of circumstantial evidence sufficiently probative of [retaliation]." Mereish v. Walker, 359 F.3d 330, 336 (4th Cir.

---

[4]Reiterman claims that she has direct evidence of retaliation, relying primarily the statements in her affidavit. The Fourth Circuit has defined "direct evidence" as evidence that the employer "announced, admitted or otherwise unmistakably indicated that [the forbidden consideration] was a determining factor." Cline v. Roadway Express, Inc., 689 F.2d 481, 485 (4th Cir. 1982). The court finds that the statements in Reiterman's affidavit do not rise to the level of direct evidence of retaliation, and accordingly, Reiterman must proceed under the McDonnell Douglas proof scheme. See Evans v. Techs. Applications & Servs. Co., 80 F.3d 954, 959-960 (4th Cir. 1996).

4

2004). Here, Reiterman has satisfied the first two elements of the <u>McDonnell Douglas</u> proof scheme: she engaged in protected activity when she filed her EEOC discrimination complaint in May 2004, and the termination of her employment constitutes an adverse employment action. Reiterman, however, has failed to establish a causal connection between her EEOC complaint and her termination because she has neither offered nor forecast any evidence that Leuck was aware before Reiterman's termination that she had contacted the EEOC or that Leuck was not the actual decisionmaker.

Reiterman contends that her affidavit supports an inference that she was discharged in retaliation. According to her affidavit, Reiterman told Bechtel on several occasions that she was filing an EEOC claim; she discussed her EEOC claim with other co-workers and managers; and two co-workers informed her that Costco managers were aware of her complaint. She also claims that Danny Swanson, a Costco manager, told her that her "EEOC papers would go no where [sic], Costco would get around it," and that Bruce Waterman told her "the papers you [Reiterman] filled out would do nothing. You only hurt yourself."[5]

The court does not find this evidence sufficient to create a reasonable inference either that

---

[5]In her deposition, Reiterman claims that a co-worker told her that Bechtel was angry because Reiterman had contacted the EEOC and thought that Reiterman "was trying . . . to get him [Bechtel] in trouble with his managers." Reiterman also claims that another co-worker spoke with a group of warehouse managers, and during this discussion, the managers talked about Reiterman's EEOC claims and said that "they were going to rid of [Reiterman] little by little." These statements are inadmissible hearsay, and the court rejects them as evidence. See <u>Evans v. Techs. Applications & Servs. Co.</u>, 80 F.3d 954, 962 (4th Cir. 1996) (stating that, pursuant to Federal Rule of Civil Procedure 56(e), a court may strike hearsay portions of an affidavit submitted in support of an opposition to a motion for summary judgment).

5

Leuck knew of Riterman's protected activity or that Leuck was not the actual decisionmaker.[6] It is for the most part hearsay and contains nothing probative. Accordingly, the court finds that Riterman has marshaled no evidence that Costco terminated her employment *because* she engaged in protected activity. Therefore, she has not established a prima facie case.

Even if Reiterman had established a prima facie case, Costco has articulated a legitimate, non-retaliatory reason for Reiterman's termination--Costco's belief that "Riterman had engaged in serious misconduct"on June, 3, 2004--which Reiterman cannot show to be pretextual. "When an employer gives a legitimate, non-discriminatory reason for discharging the plaintiff, 'it is not [the court's] province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it was truly the reason for the plaintiff's termination." Hawkins v. Pepsico, Inc., 203 F.3d 274, 279 (4th Cir. 2000) (citations omitted); DeJarnette v. Corning, Inc., 133 F.3d 293, 299 (4th Cir. 1998) ("With respect to the opinion testimony, we have repeatedly explained that '[i]t is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff.'"). Though Reiterman disputes the events of June 3, 2004, and disagrees with Costco's conclusion about her behavior, this disagreement cannot establish pretext. The question is not how Riterman behaved but rather Costco's perception of how she behaved. If Costco's perception was one-sided when it terminated Riterman, it was so because of Riterman's admitted refusal to give her own written account.

---

[6]"The person allegedly acting pursuant to a discriminatory animus need not be the 'formal decisionmaker' to impose liability upon an employer for an adverse employment action, so long as the plaintiff presents sufficient evidence to establish that the subordinate was the one 'principally responsible' for, or the 'actual decisionmaker' behind, the action." Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 288-89 (4th Cir. 2004). Here, however, Reiterman has offered no evidence that Bechtel was the one "principally liable" for, or the "actual decisionmaker" behind, Reiterman's termination.

6

The burden rests on Reiterman to show that Costco's stated reasons for terminating her were not the real reasons for her discharge.[7] To that end, she offers broad, conclusory allegations that Costco imposed lesser sanctions on other employees who engaged in disruptive conduct. Even in the light most favorable to Riterman, however, her evidence in that regard simply is not sufficient to support a reasonable inference that Leuck directed her termination because she contacted the EEOC rather than because he believed she engaged in disruptive, unprofessional conduct on June 3, 2004, as detailed in the written accounts of her co-workers. First, she fails to support her conclusory allegations with facts or details capable of supporting a reasonable inference that Costco or Leuck, the decisionmaker, treated similarly situated employees differently,[8] see Goldberg v. B. Green and Co., Inc., 836 F.2d 845, 848 (4th Cir. 1988) (stating that plaintiff's own opinions and conclusory allegations do not have sufficient "probative force to reflect a genuine issue of material fact"); and second, nothing Riterman offers supports the conclusion that Leuck knew that Reiterman engaged in protected activity or that Leuck did not believe the written accounts of Riterman's co-workers and, instead, was motivated to terminate Riterman because she engaged in protected activity. It follows that Reiterman has failed to establish a genuine issue of material fact, and Costco is therefore entitled to summary judgment.

---

[7]According to her brief, Reiterman does not contend that there was retaliation "in the fact that the [she] was not promoted to membership marketing manager . . . [n]or is it her complaint that her being transferred to the front end was retaliation." She states that the sole "issue for retaliation is whether [she] was actually or pre-textually terminated because she allegedly engaged in serious misconduct."

[8]To demonstrate that similarly situated employees who did not engage in protected activity were treated differently, Reiterman must offer evidence that Costco treated differently someone who reportedly engaged in conduct similar to Reiterman's conduct on June 3, 2004, and refused to support a new manager. See Beall v. Abbott Labs, 130 F.3d 614, 619-20 (4th Cir. 1997).

7

## VI.

For the reasons stated, the court grants the defendants' motion summary judgment.

**ENTER:** This 7th day of April, 2006.

                                                          UNITED STATES DISTRICT JUDGE